## JORDAN v. THE STATE.

1. The 2d section of the act of 1846, requiring slave dealers to take out a license, is repealed by the 87th section of the act of 1848, to provide for the assessment, and collection of taxes; and as the last act contained no provision for the punishment of offenders under the former law, no fine can be imposed on those violating its provisions, after its repeal.

Error to the Circuit Court of Lauderdale. Before the Hon. Thomas A. Walker.

THE plaintiff in error was indicted at the fall term, 1847, of the circuit court of Lauderdale, fer selling slaves without a license, under the act of 1846. On the trial, the defendant requested the court to charge the jury, that the 2d section of the act of 1846, under which he was indicted, was repealed by the act of 1848, and that the defendant could not be convicted. This charge the court refused, but charged, that if the defendant sold the slave without a license, he was guilty, notwithstanding the act of 1848.

The defendant tendered a bill of exceptions, which was sealed by the judge, and the cause is removed here by writ of error.

WM. COOPER, for plaintiff.

THE ATTORNEY GENERAL, for the State.

The defendant was indicted under the 2d section of the act of 1846, for selling slaves without license, and before trial, the revenue act of 1848 was passed, merely re-enacting the same law of that of 1846, except laying the tax at $10 on each slave sold, instead of $5. In every other respect the acts are the same, and the penalty the same.

The question is, does the act of 1848, § 87, (pamphlet, p. 28,) repeal the 2d section of the act of 1846, pamphlet, p. 3.

1. The law never favors the repeal of a statute by implication, except they be irreconcilable or repugnant. Wyman et al. v. Campbell et al., 6 Por. 219 ; Kinney v. Mallory, 3 Ala. 626.

2. Imposing a new penalty for an offence, repeals, by implication, so much of a former statute, as establishes a different penalty; but the penalty is the same in both statutes. Nichols v. Squire, 5 Pick. R. 168; Commonwealth v. Kimball, 21 ib. 375.

3. No revenue act was repealed, or any section thereof, by the revenue act of 1848, except those which came in conflict with its provisions. Those which came in aid, are declared to be in force, and there is no conflict of the acts. See revenue act of 1848, sec. 105, p. 35.

DARGAN, J.—The defendant was indicted under the second section of the act of 1846, which provides, that every slave merchant, trader, dealer or broker, in slaves, before he shall be authorized ts sell any slave in any county of this state, shall procure from the clerk of the county court of said county, a license, for which he shall pay five dollars, on each slave he shall offer to sell, which license shall authorize him to sell such slaves, in any county in this state : and if any such merchant, trader, &c., shall sell any slave, without first obtaining such licence, he shall forfeit and pay three hundred dollars, on indictment, and conviction therefor, in the county in which said slave was sold. On the trial, a bill of exceptions was taken, which shows, that the defendant requested the court to charge the jury, that the act under which he was indicted, was repealed by the act of 1848 ; which provides, that all slave merchants, deal-

ers, &c., before he shall make sale of any slave, shall procure from the clerk of the county court, a license, for which he shall pay ten dollars, for each slave which shall be offered for sale by him, &c. This act prescribes the same penalty for selling without a license, as is prescribed by the act of 1846, and to be recovered in the same manner.

We think the act of 1846, is repealed by the act of 1848. The rule is, that a subsequent statute, will be a repeal of a former one, without express words of repeal, if the substance of the subsequent act, is inconsistent with the former. 2 Bibb, 96; 1 Ham. 10; 4 Wash. C. C. Rep. 691. It is true, that the law does not favor the repeal of statutes by implication, but if their repugnance to each other is apparent, the last must prevail, and this, necessarily works a repeal of the former law. Wyman et al. v. Campbell, 6 Porter 219.

The act of 1846, provides, that the slave dealer, shall pay five dollars for a license to sell each slave. The act of 1848, says he shall pay ten dollars for such a license; here is a plain and palpable repugnance; both acts cannot stand together: the former, therefore, must be repealed, and was not the law at the time of the trial.

It is, however, supposed that as the act of 1848, is similar in its provisions to the act of 1846, except in this particular, the defendant may be convicted, but the question is, under what act can he be convicted. He has not violated the act of 1848, and the act of 1846, is no longer in existence; nor is there any provision in the act of 1848, to punish those who had offended against the act of 1846. As the act under which the defendant was indicted, was repealed before his trial, he could not be convicted.

The circuit court erred, in not giving the charge requested, and the judgment must be reversed and the cause remanded.