BROUGHTON ET AL. vs. BRANCH BANK AT MOBILE.

1. A penalty given by statute, although incurred before, cannot be recovered after the repeal of the statute, unless provision is made in the repealing act saving the right to do so.

2. The act of 1819, so far as it imposes a penalty on sheriffs for failing to return executions placed in their hands, is repealed by the act of the 3d March 1848, and the penalty imposed by the former act, though incurred before its repeal, can no longer be recovered.

Error to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

TAYLOR, for the plaintiffs in error:
1. The third section of the act of 1848, Pamph. p. 95., repeals the act of 1819, under which this motion is made, and the case stands as if there had been no penalty for the default at the time it was committed.—1 Stew. 347, 506; 8 Por. 434; 9 N. Hamp. 59; 3 J. J. Marsh. 594; 1 Hill 324; 5 Pick. 168; Dwarris on Statutes 693. If the statute was repealed, then the motion was at an end.—Pope v. Lewis, 4 Ala. 487. The plaintiff below cannot recover the original penalty because the statute is repealed, and he cannot recover according to the statute of 1848, because the act was done before the statute was passed. It is said by defendant that the statute of 1848 has reference only to subsequent defaults, as it commences *hereafter*, &c. Now it will be seen that all statutes for allowing fines and penalties begin thus, but they nevertheless have the effect of repealing.

W. G. JONES, for the defendant.

DARGAN, C. J.—This was a motion against Broughton, as sheriff of Monroe, and his securities, made under the act of 1819, to recover the amount of an execution, issued from the Circuit Court of Mobile, in favor of the Bank, against Samuel Bussey and others, which, it is alleged, the Sheriff failed to return within the time prescribed by law. An issue of fact was made up and submitted to a jury, who returned a verdict in favor of the plaintiff, upon which the court rendered judgment against the defendants for the amount of the execution and in-

terest thereon. There are several assignments of error, but we deem it unnecessary to examine more than one question presented by them. It is contended by the plaintiff in error, that the act of 1819, so far as it fixes a penalty on sheriffs for failing to return an execution, is repealed by the act of the 3d of March 1848, and consequently no recovery can be had under the act of 1819, although the penalty was incurred and the proceedings commenced for its recovery before the passage of the repealing act. It cannot be doubted but that the Legislature may, in its discretion, repeal any penal law, and it is equally clear that after the law giving the penalty is repealed, no judgment can be rendered, by which the penalty can be recovered, although it might have been incurred during the existence of the law, unless some provision is made by the repealing act, saving the right to recover the penalty which had been incurred before the repeal.—Pope v. Lewis, 4 Ala. 487, and cases there cited; The State v. The Tombeckbee Bank, 1 Stew. 347. It is then necessary only to ascertain whether the act of 1848 repeals the act of 1819, without saving the right to recover penalties given by this act. The first section of the act of 1848, gives the penalty of twenty per cent. on the amount of an execution, placed in the hands of a sheriff after its passage, and which he fails to return according to law; the second section provides that a sheriff may return an execution to the county from which it issued by mail; and the third section repeals all laws in contravention of this act. It is too manifest to admit of doubt that the act of 1819, so far as it fixes a penalty on sheriffs for failing to return an execution, is repealed by the act of 1848. The last section in express words repeals all laws in contravention with its provisions, and the act of 1819 is in direct opposition to the act of 1848. The former is therefore repealed by the latter, without saving the right to recover the penalties that had been incurred before its repeal, and consequently such penalties cannot be now recovered. Let the judgment be reversed.