## WILLIAMS ET AL. *vs.* McCURDY & ALDRICK.

1. Since the passage of the act of 1848, a summary judgment under the act of 1819 cannot be rendered against a sheriff and his sureties, for his failure to return an execution, although the notice of motion was issued before the passage of the act of 1848.
2. No direct judgment can be rendered in the Appellate Court against the plaintiff's security for costs in the court below; but the certificate of the judgment rendered in the former is a suficient predicate for the statutory proceeding by motion against the security below.

ERROR to the Circuit Court of Perry.

The record does not show the name of the presiding judge.

MOTION by the defendants in error for a summary judgment, under the act of 1819, (Clay's Digest 206 § 22,) against Job M. Williams, as sheriff of Perry county, and his sureties on his official bond, for his failure to return an execution according to law.

The notice of this motion was issued on the 5th of November, 1846, and was served on Williams on the 7th of November, 1846. It sets forth the contents of the execution in the usual form, and appears to have been regularly docketed and continued until the Spring term, 1849, when the motion was tried on issue joined, and a judgment rendered for the plaintiffs, for the amount of said execution and interest thereon, according to the provisions of the act of 1819. To revise this judgment, the defendants have sued out this writ of error.

I. W. GARROTT, for plaintiffs in error, cited Broughton v. Br. Bk. at Mobile, 17 Ala. 828; Pope v. Lewis, 4 ib. 487; State v. Tombeckbe Bank, 1 Stew. 347.

E. W. PECK, *contra.*

GIBBONS, J.—This case, we think, is entirely within the principle announced by this court, in the cases of Broughton et al. v. Branch Bank at Mobile, 17 Ala. 828, and Pope v. Lewis, 4 Ala. 487; and the judgment of the court below must be reversed on the authority of those cases. The pro-

ceeding in the court below was purely a statutory one, and the judgment rendered was for an amount not authorized by any statute in existence at the time it was rendered: it is, therefore, a judgment unauthorized by law.

Let the judgment of the court below be reversed, and the notice be dismissed, and let the plaintiffs in error recover their costs in this court, and in the court below.

NOTE.—After the foregoing opinion was pronounced, a motion was submitted by plaintiffs' counsel relative to costs, upon which the following opinion was delivered:

*Per Curiam.*—In this case, a motion is made by the plaintiffs in error, to have judgment here rendered against the securities for costs, both for the cost of this court and of the court below; and this motion failing, then, to have the cause remanded, in order that they may have the statutory remedy in the court below against the security for costs in that court, and also that judgment be here rendered against the said security for the cost of this court.

Our opinion is, that we have no power to render any judgment here directly against the security for costs in the court below. That security must be proceeded against in the court below, according to the statute in such case made and provided. Nor do we think it necessary for that purpose, to remand the cause, as the certificate of the judgment here rendered will be a sufficient predicate for the proceeding by motion in the court below.