# Luke v. Calhoun County.

*Statutory Action against County for Damages, by Widow of Person Murdered by Disguised Parties.*

1. *Statutory right of action; how affected by repeal of statute, and subsequent revival.*—A right of action, conferred by statute, may be taken away by a sub-sequent statute, unless it has been reduced to judgment; if the repealing stat-ute does not except from its operation pending suits. or existing causes of ac-tion, they fall with the repealed statute; and when such statutory right of ac-tion has thus been destroyed, it cannot be revived by a later statute.

2. *Act of March 17, 1875, saving pending prosecutions under repealed statutes.*—The act approved March 17, 1875, declaring the effect upon pending prosecu-tions of the repeal of the statutes which authorized them (Sess. Acts 1874-5, p. 235), applies only to criminal prosecutions, and does not retroact so as to revive prosecutions which had already terminated by the repeal of the statute under which they were instituted.

APPEAL from the Circuit Court of Calhoun.
Tried before the Hon. WM. L. WHITLOCK.
This action was brought by Mrs. Fanny Ann Luke, as "widow and next of kin" of William M. Luke, deceased, to recover from the county the statutory penalty of five thou-sand dollars for the murder of her said husband, who was alleged to have been killed by unknown persons in disguise. The action was commenced on the 31st January, 1871, and was founded on the act of the legislature approved Decem-ber 8, 1868, entitled "An act to suppress murder, lynching, and assaults and batteries."—Session Acts 1868, p. 452.

[Luke v. Calhoun County.]

This statute was repealed by the subsequent statute of December 14, 1874 (Session Acts 1874-5, p. 244); and at the October term, 1875, the defendant pleaded the repealing statute *puis darrein continuance*, and moved the court to nonsuit the plaintiff; which motion the court sustained, and compelled the plaintiff to take a nonsuit. This ruling and judgment of the court, to which the plaintiff excepted, is now assigned as error.

JASPER N. HANEY, for appellant.—The action was brought to recover a statutory penalty, and falls within the purview of the statute, approved March 17, 1875, "to declare the effect upon prosecutions then pending of the repeal of statutes authorizing such prosecutions." The words "then pending," as used in this statute, refer to the time the statute is or was repealed, and not to the date of the saving statute. This statute was passed at the same session as the repealing statute, under which the case was dismissed; and relating to the same subject-matter, the two statutes should be construed together. Moreover, the statute is remedial, and should be liberally construed.—*Barnes v. Mayor of Mobile*, 19 Ala. 707; *Blakeney v. Blakeney*, 6 Porter, 109; *Hoffman v. Hoffman*, 26 Ala. 535; 29 Ala. 40; 33 Ala. 674.

FOSTER & FORNEY, *contra*, cited the following cases: *Pope v. Lewis*, 4 Ala. 487; *Broughton v. Branch Bank*, 17 Ala. 828; *Butler v. Palmer*, 1 Hill, 324; 6 Wendell, 526; *Washburn v. Franklin*, 35 Barbour, 599; 9 Wallace, 567; 5 Cranch, 281; 6 Cranch, 329; 30 Conn. 158; 1 Watts, 258; 1 Neb. 417; *Bailey v. Mason*, 4 Minn. 546; *Eaton v. Graham*, 11 Illinois, 619; 61 Illinois, 31; 9 Kansas, 569; Dwarris on Statutes, 676; Sedgwick on Stat. and Const. Law, 130; *Norris v. Crocker*, 13 Howard, 430; *Lewis v. Foster*, 1 N. H. 61.

BRICKELL, C. J.—The only foundation for this action was the statute of December 28, 1868, entitled "An act to suppress murder, lynching, and assault and batteries."—Pamph. Acts, 1868, p. 452. This statute was unconditionally repealed by the statute enacted December 14, 1874.—Pamph. Acts, 1874-5, p. 244. The legislature has full power to take away by statute rights, not vested, which have been conferred by statute. If the repealing statute is general and unconditional, without a saving of pending proceedings and prosecutions, these fall with the statute which may have authorized them.—*Pope v. Lewis*, 4 Ala. 487; *Broughton v. State Bank*, 17 Ala. 828; *Jordan v. State*, 15 Ala. 746.

But it is contended, that the statute of March 17, 1875, de-
VOL. LVI.

[Smith & Co. v. Rice.]

claring the effect, upon pending prosecutions, of the repeal of statutes which authorized them (Pamph. Acts, 1874-5, p. 235), saves the action. If it could be admitted that the statute has any application to civil suits, it could not be admitted that the legislature could restore a right which it had taken away, or revive an action it had destroyed by the repeal of the statute which gave the right. The repealing statute took effect on the day of its approval by the governor, and its operation was to obliterate the statute of 1868 from the statute-book, as completely as if it had never existed, except as to actions or suits which were prosecuted to judgment, and finally concluded, while it existed. The action of appellant pending at the time of the repeal, and all jurisdiction of the court to render judgment therein, fell on the day of the repeal of the statute, and the legislature was without power to revive it.

Nor, by just construction, does the statute refer to prosecutions which had already terminated by the repeal of the statutes which authorized them. It is only to such prosecutions as, in the future, would fall with a repealed statute, the statute is intended to apply. Such prosecutions will be saved under its operation, as they could, without this statute, have been saved by an express reservation in the repealing statute. The operation the appellant claims for the statute would render it retroactive. Such an operation is never given to a statute, unless it is in obedience to the clearly expressed intention of the legislature.—*Barnes v. Mayor*, 19 Ala. 707. But the statute is confined by its terms to prosecutions, and has no application to civil suits by individuals, founded on statutes.

The result is, the Circuit Court properly repudiated the cause, and its judgment is affirmed.

| 56 | 417 |
| 95 | 475 |
| 56 | 417 |
| 100 | 359 |

