# Turnipseed v. Jones.

## Contest of Election.

1. *When rulings by judge of probate in election contest not reviewed on appeal.*—Under the statutory provision, that "In contested election cases tried by the judge of probate, an appeal lies to the circuit court, to be tried *de novo*," (Code, § 432), rulings made by the judge of probate in contest proceedings instituted before him, even though erroneous, which were not carried into the rulings of the circuit court on appeal from the probate court, will not be reviewed by the supreme court.

2. *When remedial statute goes into operation.*—A statute to provide for and regulate contests of elections, being remedial in its character, and not prescribing punishments or penalties, becomes operative and is of force during the entire day on which it was approved; the law in reference thereto not regarding a fraction of a day.

3. *When statute repealed by later statute.*—When a statute to provide for and regulate contests of elections expressed the intention and attempt to repeal, by numbers, every section of the Code providing for and regulating contests of elections, and is not a re-enactment of the sections attempted to be repealed, but is the enactment of a new statute, with substantially different provisions, the said sections of the Code are repealed and destroyed by the later statute.

4. *Effect of repealing statute upon pending contest.*—The repeal of a statute upon the very day judgment is rendered in a proceeding commenced under its provisions puts an end to such suit.

5. *Same.*—Where, on the very day a judgment is rendered in a contest of election proceedings, instituted under the several sections of the Code providing therefor, the Governor approved an act to provide for and regulate contests of elections, which repealed the sections of the Code under which the contest was instituted, the case falls

38

[Turnipseed v. Jones.]

within the influence of the later statute, and the repeal of the statutory provisions under which the proceedings were commenced puts an end to the contest.

APPEAL from the Circuit Court of Montgomery.

Tried before the HON. JOHN R. TYSON.

The facts of the case are sufficiently stated in the opinion.

RICHARDSON & REESE, for appellants.

JOHN GINDRAT WINTER, TOMPKINS & TROY, MARKS & MASSIE and LOMAX & LIGON, *contra*, cited *Young v. Pollak*, 85 Ala. 439, 5 So. Rep. 279; *Luke v. Calhoun County*, 56 Ala. 415; *Wood v. Fort*, 42 Ala. 641.

STONE, C. J.—This was and is a contest by Turnipseed, the appellant, of the election of Jones, appellee, to the office of treasurer of Montgomery county. The proceeding was instituted before the judge of probate under the statutory provisions found in the Code of 1886, commencing with section 396 of that Code. It is not shown in the record before us what disposition the judge of probate made of the case, nor in what manner it found its way into the circuit court. It comes to us by appeal from the judgment of the circuit court, pronounced on demurrer to contestant's amended complaint, which sets forth his grounds of contest. The ruling by the judge of probate becomes wholly immaterial; for under the statute as it existed when this proceeding was commenced—Code of 1886, § 432—"In contested election cases tried by the judge of probate, an appeal lies to the circuit court, to be tried *de novo*." So, no erroneous rulings made by the judge of probate, if such were made, not carried into the rulings of the circuit court can be inquired into in this court. The circuit court sustained the demurrer to the amended complaint, or information, and the present appeal questions the correctness of that ruling.

The judgment of the circuit court sustaining the demurrer was pronounced February 10, 1893. On that identical day the Governor approved the act "To provide for and regulate contests of elections to offices, State and county, herein named."—Sess. Acts 1892–93, p. 468.

[Turnipseed v. Jones.]

That statute embraces the office of county treasurer, and provides for its contest. It also expressly repeals by numbers all the sections of the Code under which the present contest was instituted. The questions arise, Does that statute exert any influence in the decision of this case? If so, what influence does it exert? It will not be denied that the right to contest an election is purely statutory, and when that mode of redress is invoked, statutory requirements must be substantially conformed to.

At what time must the statute of February 10, 1893, be understood as going into operation? The authorities bearing on this question are far from uniform. It was long the rule in England, the source of our common law, that sessions of parliament were treated as one continuous day, every statute enacted during any given session was binding and given effect to, as if enacted on the first day of the session. Under that absurd interpretation fines and mulcts were assessed for acts, which, when done, violated no law then in existence. This was subsequently changed by statute. But still the rule on this question in the several States is far from uniform. "In this country an act takes effect generally, and where no other time is fixed by constitution, general law, or the particular statute itself, from the time of its passage."— Endlich Interpretation of Statutes, § 498, note 119. Neither does the law, in the absence of express provision, regard a fraction of a day. "In the legal computation of time there are no fractions of a day; and a day on which an act is done must be entirely excluded or included."—5 Amer. & Eng. Encyc. of Law, p. 89. "The legislature has full power to take away by statute rights, not vested, which have been conferred by statute. If the repealing statute is general and unconditional, without a saving of pending proceedings and prosecutions, these fall with the statute which may have authorized them."—*Luke v. Calhoun County*, 56 Ala. 415.

The question we are considering has been settled in this State.—*Wood v. Fort*, 42 Ala. 641. In that case it was said: "The right of the appellee to an affirmance depends upon the question whether the act is to be deemed to have been of force during the entire day of its approval. Upon authority and principles of policy and convenience, carefully limiting ourselves by the necessities of this case, we decide that a public statute, reme-

[Turnipseed v. Jones.]

dial in its character, and not prescribing punishments or penalties, is of force during the entire day of its approval, and that the law in reference thereto does not recognize any fraction of a day. Yet we concede that the decisions are not entirely harmonious." That doctrine was reaffirmed in *Young v. Pollak*, 85 Ala. 439, 5 So. Rep. 279. So, we must treat this case as falling within the influence of the act approved February 10, 1893.

This leads up to the inquiry, whether the act approved February 10, 1893—Sess. Acts, 468—repeals and destroys the sections of the Code under which the contest in this case was instituted. As we have said, the later enactment expresses the intention and attempt to repeal every section of the Code, by number, on which the contest in this case was inaugurated. It may be, however, that this is not conclusive of the inquiry. It may be, that when by one act of legislation a statute is attempted to be repealed, and by the same act it is re-enacted, this, without more, is not a repeal of the older statute, but simply a continuance of it in force. On this question we need not and do not decide anything.—Sutherland Stat. Cons., § 134, *et seq.*; *Ib.*, §§ 153-4. Nor do we intimate any opinion in this connection on the effect of article IV, section 2 of the Constitution of 1876, on statutory amendments coming within its provisions. The present case does not fall within either of those principles; first, because this was not a re-enactment of the statute attempted to be repealed, but the enactment of a new statute with substantially different provisions. The following are some of the most striking differences : 1. Instead of the four grounds of contest specified in the Code, section 396, the later statute expresses five grounds. 2. Under the former statute it was provided that, "In all contests of elections for the office of justice of the peace or constable, or for any office which is filled by the vote of a single county, except for members of the General Assembly, the person whose election is contested is entitled to a trial by jury, the issue to be made up under the direction of the court, and the jury summoned as in cases in the probate court."

·The provision in the later enactment, relating to the trial of this class of contests, is in the following terms : Section 10. "That to contest any election for justice of the peace, or constable, or any election to any office

filled by the vote of a single county, except as herein otherwise provided, * * * if the ground of contest of the election be malconduct, fraud, or corruption on the part of any inspector, clerk, or returning officer, or because of bribery or offers to bribe imputed to the party whose election is contested, such party may demand a trial of these grounds of contest by jury. All other grounds of contest may be determined by the judge of probate, without the intervention of a jury." The word *may*, in this last clause, means *must*, to give it any meaning whatever. *Tarver v. Commrs. Court*, 17 Ala. 527. In the Code of 18·6, Section 432, is this provision : "In contested election cases tried by the judge of probate, an appeal lies to the circuit court, to be tried *de novo*." In the statute of of February 10, 1893, section 14, is this language : "That in all contested elections before the judge of probate, an appeal lies to the circuit court or supreme court, within five days after the rendition of judgment. * * And if judgment be rendered confirming the judgment of the judge of probate, * * the supreme court must render judgment against the appellant and his securities for the cost." We might point out many other differences between the two statutes, but think the foregoing sufficient. The later enactment expressly mentions all the sections of the Code under which the present suit was instituted ; and, as we have shown, repeals them.

In the second place, the statutory change effected in this case can, in no sense, be brought under the influence of article IV, section 2 of the Constitution. It neither revives nor amends any existing law, nor extends the provisions of any law, nor attempts to do so ; and it makes no reference to any law by its title only. It enacts a new system on a subject on which an older statute had been in force, and repeals the older statute. We feel constrained to hold that the repeal was anterior to the trial of this case in the circuit court, and that it was in law and fact a repeal of the statute under which the proceeding was instituted. What effect must that repeal have upon the present suit?

The present is the contest of an election, a purely statutory remedy. Without statutory authority the remedy in the form invoked did not exist. It was framed in reference to the provisions of the Code, but before judgment the statute had ceased to exist. The

case of *New London Northern R. R. Co. v. B. & A. R. R. Co.*, 102 Mass. 386, was one of the best considered of all the cases bearing on this question, which has fallen under our observation. The opinion was by Gray, at present one of the justices of the Supreme Court of the United States, and he cites and gives the pith of many decisions which shed light on the inquiry. We quote: "The law does not indeed favor a repeal by implication. But a later statute, containing provisions though merely affirmative in form, plainly repugnant to those of a former statute, repeals it as absolutely as by a negative clause. Even the jurisdiction of a superior court may be ousted by necessary implication, as well as by express words. In *Surtees v. Ellison*, 9 B. & C. 750-2, Lord Tenderdon said: 'It has been long established, that when an act of parliament is repealed, it must be considered (except as to transactions past and closed) as if it had never existed." To be properly appreciated, the entire opinion of Justice Gray must be read, together with the numerous authorities he collates.

In *Com. ex rel v. Commrs.*, 6 Pick. 501, it was decided that "where a special tribunal is created by an act of the legislature, on a repeal of the act, without any saving of proceedings commenced and pending before it, its whole power and authority cease, and it can not proceed to finish what may have been so commenced." In *Key v. Goodwin*, 4 Moore & Payne, 341, Lord Chief Justice Tindal said: "I take the effect of repealing a statute to be, to obliterate it as completely from the records of the Parliament as if it had never passed, and that it must be considered as a law that never existed, except for the purpose of those actions or suits which were commenced, prosecuted and concluded whilst it was an existing law."

*State v. King*, 12 La. An. 593, carries the doctrine farther than the wants of this case require. · In that case it was said by Spofford, C. J., "that the repeal of a penal statute pending a prosecution under it, without a saving clause, puts an end to the prosecution, although the penal statute may, *uno flatu* with the repeal, be substantially re-enacted." See also *Com. v. Kelliher*, 12 Allen, 480; *Coates v. Hill*, 41 Ark. 149; *Coffin v. Rich*, 45 Me. 507, 71 Amer. Dec. 559; *Pope v. Lewis*, 4 Ala. 487.

We hold that before this case was brought to a conclusion in the circuit court, the statute under which it was

[Milner et al. v. Milner.]

instituted was repealed, and that that repeal put an end to the suit.

The judgment of the circuit court is affirmed.