(108 So. 396)

### JEMISON v. TOWN OF FT. DEPOSIT.
(3 Div. 506.)

(Court of Appeals of Alabama. March 23, 1926. Rehearing Denied April 6, 1926.)

Statutes ⬥255—Under statute authorizing municipalities to issue bonds within one year from "passage" of act, limitation of time ran only from date on which Governor approved the act (Const. 1901, § 125; Gen. Acts 1907, p. 694, § 1).

Under Gen. Acts 1907, p. 694, § 1, giving cities and towns power "within one year from passage of this act" to pay any outstanding indebtedness not evidenced by bonds, by issue of bonds, time within which bonds might issue ran only from date on which act was approved by governor, under Const. 1901, § 125.

Appeal from Circuit Court, Lowndes County; A. E. Gamble, Judge.

Action by Robert Jemison against the Town of Ft. Deposit. Plaintiff took a nonsuit, and appeals from adverse rulings on pleading. Reversed and rendered.

Certiorari denied by Supreme Court in Jemison v. Town of Ft. Deposit, 214 Ala. 471, 108 So. 397.

London, Yancey & Brower and Frank Bainbridge, all of Birmingham, for appellant.

The date of passage of an act is the date of the last action required to complete the process of legislation and give the bill the force of law. 25 R. C. L. 796; Ex parte Jimmerson, 19 Ala. App. 305, 97 So. 686; Stone v. State, 20 Ala. App. 69, 101 So. 58; Id., 211 Ala. 601, 101 So. 62; State v. Stearns, 200 Ala. 405, 76 So. 321; State v. Williams, 173 Ind. 414, 90 N. E. 754.

L. A. Sanderson, of Montgomery, J. R. Bell, of Hayneville, and Powell & Hamilton, of Greenville, for appellee.

The bonds were issued more than a year from the passage of the act, and were void. 25 R. C. L. 799; State v. Mounts, 36 W. Va. 179, 14 S. E. 407, 15 L. R. A. 243; 6 Words and Phrases, 5217.

RICE, J. This suit seeks to enforce the collection of interest coupons attached to municipal bonds. Defendant's demurrer to the complaint was sustained. Plaintiff declined to plead further, was nonsuited, and has appealed.

The bonds in question were issued August 13, 1908, under an act "to allow cities and towns to issue bonds to pay outstanding indebtedness not evidenced by bonds." Gen. Acts 1907, p. 694), section 1 of which provides, so far as presently pertinent, as follows:

"That cities and towns shall have the power within one year from the passage of this act to pay any outstanding indebtedness not evidenced by bonds, by issuing bonds not in excess of the amount of such indebtedness, and within the limits prescribed by the Constitution of the state."

This act originated in the House of Representatives. It received final reading and passage in the Senate, and was signed by the presiding officer of that body on August 7, 1907. It was approved by the Governor on August 14, 1907. The point taken by the demurrer is that the coupons sued upon are void for that said coupons and the bonds to which they were attached were issued more than one year after the passage of the act under which they purport to have been issued.

The pith of appellees' argument is that, by the use of the expression "within one year from the passage of this act," the Legislature intended that the proceeding authorized be done within one year from the date on which the Legislature completed the enactment of the proposed legislation. As above shown, this date was August 7th. Bonds is-

sued on the 13th day of August, 1908, were, obviously, not issued within one year from August 7th of the previous year. But the appellant contends that the interpretation urged by appellee, and accepted by the trial court, is wrong; that the limitary period should commence from the date on which the act was approved by the Governor, viz., August 14th, which would bring the bond issue within the limitation and leave a day to spare.

Under the Constitution of this state both the Legislature and the Governor have a part in the transformation of proposed legislation into binding law. The enactment proper is committed to the Legislature, the requirement being for three readings and final passage by each house, and signature by the presiding officer of each house. By positive mandate (section 125) every bill which shall have passed both houses of the Legislature, except as otherwise provided, shall be presented to the Governor. The Governor may approve or disapprove it. If he approves it, that is the end of the matter; but if he disapproves or offers an amendment, something more is required to be done by the Legislature. It must adopt or reject the offered amendment, or it must vote to override his veto. The term "act" is applied by the Constitution only when all its prescriptions have been affirmatively met; during the process of enactment the term "bill" is consistently applied. When a bill has been acted upon by the Legislature and presented to the Governor, it still cannot be said to be an act passed; it cannot even be said that the Legislature has finally passed it. For if the Governor offers an amendment or vetoes, a reconsideration by the Legislature is required. So, when the Legislature used the term, "passage of this act," as an event from which time should be reckoned, it must be presumed that it had in mind something fixed, a finality.

In 25 R. C. L. at page 796, it is said:

"In ordinary usage the passage of an act is well understood as that time when it is stamped with the approval of the requisite vote of both houses in the constitutional manner, signed by the presiding officer of each house, and approved by the chief executive, or passed over his veto, or when it becomes a law by lapse of time."

See, also, State v. Williams, 173 Ind. 414, 90 N. E. 754, 140 Am. St. Rep. 261, 21 Ann. Cas. 986, cited in support of the text. An illuminative discussion of the subject is contained in Wartman v. City of Philadelphia, 33 Pa. 202. Many cases from other jurisdictions might be cited. We have been cited to no Alabama case, nor do we find any, where the identical question was before the court. In Turnipseed v. Jones, 101 Ala. 593, 14 So. 377, Chief Justice Stone, in dealing with the question when an act goes into effect, ap-

provingly quotes from Endlich, on the Interpretation of Statutes, that "an act takes effect generally * * * from the time of its passage" (italics supplied), and reaches the conclusion that an act takes effect on the day of its approval. It is clear that the words passage and approval of an act were thus treated as interchangeable terms. In State v. Stearns, 200 Ala. 405, 76 So. 321, these words are likewise used interchangeably. In the Stearns Case, after holding that statutes go into effect upon their approval by the executive, if so approved, the court sets out the same quotation found in the Turnipseed Case —that "an act takes effect generally, * * * from the time of its passage."

The case of State v. Mounts, 36 W. Va. 179, 14 S. E. 407, 15 L. R. A. 243, relied upon most strongly by appellee, construes a provision of the Constitution of that state that certain acts shall take effect 90 days after passage as relating to the time of final passage by the Legislature, but the court says:

"Where the Legislature in the act itself declares that the law shall take effect from and after its passage, the question becomes one not of constitutional construction at all, but of legislative intent; and where there is no indication that the Legislature meant otherwise it would doubtless be a fair inference that the Legislature intended the Act to take effect from the date of its approval by the Governor, and that such approval should not relate back to the day of its passage."

For the reasons set forth, we are of the opinion and so hold that an act is passed when it becomes a law by approval of the Governor, by passage over veto or by lapse of time, and that the phrase, "within one year from the passage of this act," as used in the act under review, was intended as fixing a limit of one year from the date on which the Governor approved said act.

It results that the trial court erred in sustaining the demurrer. That judgment is reversed and one is here rendered overruling the demurrer to the complaint.

Reversed and rendered.