147 So. 200

### McMILLAN v. STATE.
### 8 Div. 632.

Court of Appeals of Alabama.
March 28, 1933.

Bradshaw & Barnett, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, Judge.

Assuming that this case was duly tried in the court from which the appeal comes, it is clear that, after considering "all questions apparent on the record or reserved by bill of exceptions," there nowhere appears a prejudicially erroneous ruling. Code 1923, § 3258.

Appellant's astute counsel strongly insists that inasmuch as the act creating said court (Loc. Acts Ala. 1931, pp. 72–79) provides that, immediately after the "approval" of the act, the presiding judge of the circuit court of Lauderdale county shall "make an order transferring, etc.," certain cases, of which this is one, to the law and equity court of Lauderdale county, and that inasmuch as said act was never "approved" but was passed over the Governor's veto, there never arrived a time when said case could be lawfully transferred, etc., into the said law and equity court, etc. But we think, and hold, his contention without merit.

It seems to us settled that, for the purposes referred to above, the "passage" of the act in the manner set forth was the legal equivalent of the "approval" mentioned in the body of same. See Jemison v. Town of Ft. Deposit, 21 Ala. App. 331, 108 So. 396.

And, the contents of the last preceding paragraph herein being true, the case was properly transferred to, and tried in, the law and equity court of Lauderdale county.

The judgment of conviction is affirmed.

Affirmed.