Adm'rs of Weatherford *vs.* Weatherford.

ADM'RS OF WEATHERFORD *vs.* WEATHERFORD.

1. Where judgment is rendered *de bonis propriis*, when it should be *de bonis intestatis*,—the Supreme court will only reverse, and render.

2. A judgment rendered at a term of a court unauthorised by law, is erroneous.

3. Statutes appointing the times, for courts to be holden, are public acts, and will be judicially taken notice of.

4. A statute, where no time is fixed for the commencement of its operation, takes effect from its passage.

5. Where the Legislature passed a statute on the twenty-second December, eighteen hundred and thirty-six, requiring the courts of a particular circuit to be holden at a particular time; and on the twenty-third December, eighteen hundred and thirty-six, enacted a statute upon the same subject,—providing that the act should not take effect until the first day of August after its passage :—It was held—

1. That the passing of the last statute did not repeal that of twenty-second December.

2. That though one of the courts of the circuit was not provided for in the act of the twenty-second December, yet the omission could not influence, as the court so omitted should be holden at the time appointed by the pre-existing law, though it should conflict with some other court in the circuit :—in which event, the judge appointed to the circuit, should call to his aid another judge.

This was an action of assumpsit for money lent, laid out and expended, &c. to and for the use of the intestate of the plaintiffs in error.    There was a verdict and judgment for defendant in error, on the plea of non-assumpsit.

The writ was dated twenty-ninth February, eighteen hundred and thirty-six, and the entry of judgment was—"At a Circuit court began and held for the county of Conecuh, on the first Monday of March, A. D. 1836."—

It was here assigned in error—

1. That the judgment was *de bonis propriis;*

2. That the court was held at a time not authorised by law.

*Parsons*, for plaintiffs in error.

*Porter*, contra.

COLLIER, C. J.—Two points have been made by the plaintiffs in error.

1. The judgment is rendered *de bonis propriis*, when it should have been *de bonis intestatis*.

2. The judgment was rendered at a time when the law did not authorise the court to be holden.

First.—The cause of action, as shown by the declaration, being a liability incurred by the intestate of the plaintiffs, there can be no doubt, but the judgment should have been rendered *de bonis intestatis*. But as the judgment of the Circuit court would either be reversed and rendered, or corrected as for a *clerical* mistake under the statute, and the case could not be remanded,—we proceed to consider the second point.

Second.—Previous to the twenty-second December, eighteen hundred and thirty-six, the Spring term of the Circuit court for the county of Conecuh, was required to be holden on the first Monday in March. On that day, a law was enacted, entitled "An act to change the time of

Adm'rs of Weatherford *vs.* Weatherford.

the courts of the eighth judicial circuit of the State of
Alabama;" the fifth section of which is as follows: "That
hereafter, the Circuit courts of the first judicial circuit,
shall be commenced and holden as follows: In the coun-
ty of Conecuh, on the third Monday in March; in the
county of Monroe, on the fourth Monday of March; in
the county of Washington, on the second Monday after
the fourth Monday in March; in the county of Baldwin,
on the third Monday after the fourth Monday in March;
and in Mobile, on the fourth Monday after the fourth
Monday in March, and continue in session until the bu-
siness is ended"—(Acts of 1836, pp. 8.) On the twenty-
third December, eighteen hundred and thirty-six, a law
was passed, entitled "An act, the better to organise the
Circuit courts of Mobile county, and to regulate the pro-
ceedings therein, and for other purposes;" the second
section of which is in these words: "That from and af-
ter the passage of this act, the Spring term of the first
judicial circuit shall be holden at the times following, to
wit: In the county of Conecuh, on the third Monday in
March, in each and every year, and continue one week;
in Monroe, on the fourth Monday in March, and continue
one week; in Clarke, on the first Monday in April, and
continue one week; in the county of Washington, on
the second Monday in April, and continue one week; in
the county of Baldwin, on the third Monday in April,
and continue one week; and in the county of Mobile, on
the fourth Monday in April, and continue until the whole
of the business is disposed of." This statute then pro-
vides for the fall terms of the circuit, and contains seve-
ral regulations in regard to juries in Mobile county, and

concludes with the following *proviso:* "*Provided,* This act shall not take effect until the first day of August next."

The first statute, it will be observed, is silent, in regard to the Spring term of the Circuit court of Clarke, yet this omission can have no influence upon the act, so far as it may be operative.    That court should have been holden at the time appointed by the pre-existing law, even though it should conflict with some other court in the circuit, so as to make it impossible for the same judge to hold both.    A difficulty of the kind once occurred in the organization of the courts of the second circuit.    By an act of the sixteenth January, eighteen hundred and thirty-four, the courts of Wilcox and Bibb were directed to be holden on the same day, and both were actually holden—the judge appointed to the circuit, calling to his aid another judge, to hold the Spring and fall terms in Bibb county, for the year eighteen hundred and thirty-four.

A statute, according to the settled rule in the courts of the United States, and of the States of the Union, where no time is fixed for the commencement of its operation, takes effect from its passage—(1 Kent's Com. 426, and cases there cited.)    Taking this as the true rule, the act of the twenty-second December was in full force, when that of the twenty-third December was enacted; and the question now is, did the latter statute either expressly or impliedly repeal the former.    It is clear, that it is not an express repeal, for the act of the twenty-third of December no where notices that of the twenty-second.   Nor can we conceive how it can operate an implied repeal—

Adm'rs of Weatherford *vs.* Weatherford.

they do not come in coflict—the statute of the twenty-third is suspended in its operation by the *proviso* we have quoted, until the first day of August next after its passage, and could not until that day, annul, by its repugnance, a pre-existing law. The question, then, of a repeal by implication, could not arise until the last act became operative, and then not sooner than the time appointed for the Spring circuit in eighteen hundred and thirty-eight, before which, the legislature, by a subsequent enactment, removed all difficulty.

*Dwarris, in his treatise on statutes,* says that "An act cannot be altered or repealed in the same session in which it is passed, unless there be a clause inserted, expressly reserving a power to do so"—(pp. 673.) The author refers to no adjudicated case, and the view we have taken of the present case, relieves us from enquiring whether the fact of both acts having been passed at the same session of the legislature, makes a difference favorable to the plaintiffs, as it is clear it does not prejudice them.

The *judgment* complained of, having been rendered at the term of a court, holden at a time unauthorised by law, though the proceedings have all the forms necessary to give to *it* validity, *it* is nevertheless erroneous. The statutes appointing the times for the courts to be holden, are public acts, and must be noticed by this court.

The judgment of the Circuit court must therefore be reversed, and the cause remanded.