## RATHBONE, USE &c. v. BRADFORD.

1. The absence of the endorsee of a promissory note, from the State, constitutes no excuse for the failure to sue the maker, to the first court of the county where he resides, to which the writ can properly be made returnable.

2. A statute in which no time is expressed when it shall become operative, takes effect from its passage.

3. The law does not suppose parties to contract in reference to the remedy ; hence it is competent for the legislature to change the time when the courts shall be holden, and thus expedite or delay it.

THE plaintiff in error, as the endorsee of the defendant, brought an action of *assumpsit* against him upon his endorsement, in the circuit court of Talladega. The declaration alleges as an excuse for the failure to bring suit against the maker of the note endorsed at the first court to which it could be brought after its maturity, that the defendant consented to a delay of legal proceedings.

The case was tried upon the " general issue;" and two other special pleas, disclosing facts which were admissible in evidence under the plea of *non assumpsit*.

At the trial, a bill of exceptions was sealed and enrolled, from which it appears, that the plaintiff read to the jury the promissory note with its endorsements as declared on, which note was dated on the 21st of March, 1836, and one on the 25th day of December, thereafter, and then attempted (but failed) to make good by proof, the excuse alleged for a failure to sue at the first court holden after its maturity. The plaintiff further showed that the county court for Talladega county, had been held on the second Mondays in June and November, in the year 1836. He also read an act of the legislature, approved the 7th of December of that year, changing the time of the sitting of that court, to the third Mondays in January and July ; and by the certificate of the Secretary of State, showed that the act was published with the other acts of the session of 1836, on the 27th

February, 1837. The defendant proved that a county court was holden on the third Monday in January, 1837—and that suits were brought thereto by several attorneys at law, among whom was the attorney for the present plaintiff—the defendants showed further, that the endorsements on the note were made before its maturity. It was conceded that a suit was not brought on the note in question, until the spring term of the circuit court for Talladega, holden in 1837.

It was also in evidence, that the holder of the note endorsed by the plaintiff, went to Arkansas in November, 1836, and did not return until the last of January, 1837.

On these facts the circuit court gave several charges to the jury, and refused to give several that were asked, all of which, taken together, present these questions. 1. Did absence of the holder of the note from the State, from a time previous to a period subsequent to its maturity, afford a legal excuse for the neglect to sue to the first court. 2. Did the act of the 7th December, 1836, become operative before it was published. 3. According to the arrangement of the courts at the time the note was endorsed, the spring term of the circuit court in 1837, would have been first holden ; this being the case, could the change in the time of holding the county court, make it incumbent on the plaintiff to sue to this latter court.

CHILTON, for the defendant.

No counsel, appearing for the plaintiff.

COLLIER, C. J.—1. By the act of 1828, defining the liability of endorsers, as explained by the act of 1829, it is provided, that where a note, bond, &c. is endorsed, suit shall be brought to the first court of the county where the maker resides, to which the writ can properly be made returnable, and if the endorsee shall fail to sue the maker to such court, the endorser shall be discharged from liability, unless suit is delayed by his consent. Here is an express and positive legislative enactment, imposing upon an endorsee a duty, which is dispensed with, only in the event the endorser will consent to its omission. It

is then obvious, that the absence of the plaintiff from the State, constitutes no excuse for the neglect to sue; and there is no reason why it should be so considered, since he might have appointed an agent to attend to his interest during his absence, who could have put the note in suit, to the proper court.

2. In the administrators of Weatherford v. Weatherford, (8 Porter's Rep. 171,) this court says, that " a statute, according to the settled rule in the courts of the United States, and of the States of the Union, where no time is fixed for the commencement of its operation, takes effect from its passage." (See also 1 Kent's Com. 426, and cases there cited.) The operation of the act of December, 1836, is not postponed to any future day, and it consequently took effect as a law immediately on its passage.

3. It is competent for the legislature to change, at pleasure, the time when the courts shall be holden, and thus expedite or delay the remedies which it affords for the enforcement of rights ; hence the law does not suppose parties to stipulate in reference to the remedy. Were it otherwise, the legislature would be prevented from making many salutary changes which experience would suggest, though individual rights were not at all affected.

The contract of the endorsee as implied by the law, is that *he will sue the maker to the first term of the court, after the maturity of the note, to which the writ can be made returnable,*—not to the court, which, according to the arrangement existing at the time of the endorsement, but to the court according to the organization when the note matures, to which process can first be returned.

The acts of 1828 and '9 are imperative and leave no discretion to the court. They imposed upon the plaintiff the necessity of suing the maker to the first court, if he would charge the endorsers. The act of 1836, required the county court to be holden for Talladega, on the third Monday in January, 1837. To that court process should have been sued out against the maker of the note, and not being dispensed with by the defendant, the plaintiff cannot recover.

The judgment of the circuit court is, therefore, affirmed.