### THE STATE v. CLICK.

1. In an indictment founded upon a statute introductive of a new offence, it is sufficient to describe the offence in the terms of the act.

2. The third section of the act " To suppress the evil practice of carrying weapons secretly," which provides that the Secretary of State shall cause that act to be published for three months, &c., is merely directory, and the neglect of the Secretary to perform that duty, cannot defeat the legislative will.

3. Where no time is fixed for the commencement of the operation of a statute, it takes effect from its passage.

THIS cause comes here on questions referred as novel and difficult, by the Circuit Court of Jefferson.

The State v. Click.

The defendant was indicted in the words and figures following :

"*The State of Alabama—In the Circuit Court, at April Term, A. D.,* 1839—*Jefferson County, to wit :* The grand jurors for the said State, upon their oath, present, that Mathew M. Click, late of the county aforesaid, on the first day of April, in the year of our Lord, eighteen hundred and thirty-nine, with force and arms, in the county aforesaid, did carry, concealed about his person, fire arms, to wit, a pistol ; contrary to the statute in such case made and provided ; and against the peace and dignity of the State of Alabama.

LINCOLN CLARK,

*Attorney General of the State of Alabama.*"

The defendant moved the Court to quash the indictment ; which motion was over-ruled : and the cause being submitted to the jury, the defendant moved the Court to charge them— " that if they believed, from the evidence, that the statute on on which the indictment was founded, was not published as required by said act ; and they believed, from the evidence, that the offence charged, was committed before the publication of the laws of the session, at which the law on which the indictment was founded, was passed, as required by the act for the publication of the laws of this State, that then they should find the defendant not guilty ;" which the court refused : but charged, that the statute, on which the indictment was founded, was in force, and became the law of the land from and after the passage of the said act. The jury found the defendant guilty, and assessed a fine ; and judgment being thereupon rendered, the Court referred to this Court, as novel and difficult, the questions of law arising upon the several motions, as well as the charge given to the jury.

The ATTORNEY GENERAL, for the State.

Mr. PECK, for the defendant.

COLLIER, C. J.—The questions of law referred to this Court, are—

1st. Is the indictment on which the defendant was tried, drawn in conformity to the statute, which prescribes the offence charged ?

2d. Was it essential to the operation of the statute under which the defendant was indicted, that it should have been published in the manner it directs?

3d. When does a statute take effect, where no particular time is expressed?

1. In the State v. Duncan, [9 Porter's Rep. 260.] it is said, "where a statute is introductive of a new offence, and prescribes its constituents, without reference to anything else—in an indictment, founded upon it, it is sufficient to describe the offence in the terms of the act. [See also the State v. Brown, 4. Porter's Rep. 410.] The act, on which the defendant was indicted, enacts "that if any person shall carry concealed about his person, any species of fire arms, or any bowie knife, Arkansas tooth-pick, or any other knife of the like kind, dirk, or any other deadly weapon, the person so offending, shall on conviction thereof," &c. The indictment alledges that the defendant "did carry, concealed about his person, fire-arms, to wit, a pistol; contrary to the statute," &c. Here the offence is charged in the terms of the statute, and if the cases cited are to be followed, the indictment is unobjectionable.

Had the term "unlawfully" been employed in describing the manner in which the pistol was carried, it is not conceived that it would have imparted additional potency to the indictment. The statute which created the offence made its commission unlawful, so that, had that word been used, it must have been regarded as a mere expletive.

2. By the third section of the act it is provided "that the Secretary of State shall cause this act to be published for three months, in the papers of Mobile, Montgomery, Tuscumbia, Huntsville, Wetumpka, and Tuscaloosa." This provision is merely directory to the Secretary of State, and should certainly (as it doubtless was) have been executed according to its letter; but even if it had been entirely disregarded, yet as the operation of the act was not made to depend on its publication, the neglect of the Secretary of State to discharge his duty in this respect, cannot defeat the legislative will.

3d. In the case of the Administrators of Weatherford v. Weatherford [8 Porter's Rep. 174] the Court say, "A statute, according to the settled rule in the courts of the United States,

and of the States of the Union, where no time is fixed for the commencement of its operation, takes effect from its passage." —[See also 1 Kent's Com. 426.] This rule may sometimes operate harshly; yet it is now too firmly settled, to be changed in any other mode than by legislation. The operation of the act in question not being postponed to a period subsequent to its passage, took effect immediately, and consequently the charge to the jury on this point is entirely correct.

It follows, from the view taken of the questions referred, that there is no error in the several decisions of the Circuit Court, and its judgment must be affirmed.