## BRANCH BANK OF MOBILE v. MURPHY.

1. The statutes of the State, unless otherwise expressed, take effect from their passage, and an act done in the county of Clarke, on the day after the passage of the law, will be governed by the statute, although it was impossible it should have been known there.

Error to the Orphans' Court of Clarke.

BLOUNT, for plaintiff in error.
PECK, contra.

ORMOND, J.—It is unnecessary to consider any of the assignments of error, but those which question the regularity of the decree of the Court, declaring the estate of the deceased insolvent.   The decree was made on the 10th February, 1843 ; on the 9th February, preceding, an act was passed " to amend the laws now in force in relation to insolvent estates," which materially changed the mode of proceeding in such cases, but the proceedings were had in conformity with the former law.   The counsel for the defendant in error, maintains, that as it was impossible that the law should have been known in Clarke county, one day after its passage, it ought not to affect this proceeding.

The rule of the common law, that statutes are in force from the date of their passage, when no time is fixed for the commencement of their operation, has been repeatedly recognized by this Court. [Weatherford v. Weatherford, 8 Porter, 174; The State v. Click, 2 Ala. Rep. 26.] The last case was an indictment for carrying concealed weapons, and it was insisted that the act did not operate, because it had not been published at the time of the commission of the offence; yet it was held, that although the rule might sometimes operate harshly, it was now too firmly settled to be changed, in any other mode than by legislation. The same decision was made in Thompson v. Stickney, 6 Ala. Rep. 579.

Nor are we able to comprehend what other rule could be adopted. The law must certainly be obligatory over the entire State, if valid any where. Yet, according to this argument, its obligation would depend on the distance of the place, where the law was violated, from the seat of government. In the case of a penal law, the executive clemency would doubtless be extended where it was impossible, that the law should have been known at the time of its supposed violation. But in this case, there is really no hardship. The decree of insolvency was but the initiatory step, in the whole proceeding, and although when that decree was made, the change of the law was unknown, yet when the change was known, it was the duty of the parties to retrace their steps, and commence anew. Instead of doing so, they have proceeded to a final settlement, in utter disregard of the existing law.

We have not considered it necessary to look into the other assignments of error, as the same questions will not necessarily arise again.

Let the judgment be reversed and the cause remanded.