## ERWIN ET AL. *vs.* HAMNER.

[BILL IN EQUITY TO ESTABLISH NUNCUPATIVE WILL.]

1. *Presumption that every man knows the law.*—The rule that every man is presumed to know the law, is now too firmly settled by a long course of judicial decisions to be disturbed ; and although it may frequently be productive of hardship or injustice, yet this consideration can only properly be addressed to the executive, or to the law-making power.

2. *Equity will not establish void nuncupative will on ground of ignorance or mistake of law.*—A nuncupative will bequeathing personal property of more than five

hundred dollars in value, which is void under the Code (§ 1615), cannot be established in equity on the ground of the decedent's ignorance or mistake as to the change in the law in this respect made by the Code.

APPEAL from the Chancery Court of Wilcox.

Heard before the Hon. J. W. LESESNE.

THIS bill was filed by the appellants, as heirs-at-law and distributees of Charles R. Marshall, deceased, to establish the nuncupative will of the said decedent, which was made and published on the 4th April, 1853, during his last sickness, and was committed to writing within five days after his death. By this testament, after giving a specific legacy of several slaves to an adopted daughter, said decedent directed the balance of his property, which exceeded $500 in value, "to be equally divided among his people." To avoid the effect of the provisions of the Code (§ 1615), the complainants allege, "that said Marshall, at the time of his death, was under the full belief and conviction that the law in relation to nuncupative wills at that time was what it had been years before, and that he had no idea or knowledge of the change made in that respect by the Code of Alabama, which went into operation on the 17th January, 1853 ; that there was not one man, in the vicinity in which said Marshall lived and died, who knew of the change in relation to nuncupative wills, although the citizens in that part of the county possess at least the ordinary degree of information and intelligence, and there are some professional men among them ; that said Marshall lived in a somewhat remote and secluded part of the county of Wilcox, not readily accessible at any time to the ordinary means and sources of general information ; and that for weeks after the 17th day of January, 1853, and extending nearly up to the time of said Marshall's death, the neighborhood in which he lived was rendered almost entirely inaccessible by excessive rain and high water ; so that, in addition to the reason hereinbefore stated, complainants are convinced, and so expressly charge, that said Marshall, although he was a man of ordinary information and intelligence, and of temperate and industrious habits, was utterly ignorant, at the time of uttering and publishing said testamentary words, of the law in relation to nuncupative wills, and could not, under

the circumstances, be presumed to know what the law was, if it had been changed on and after the 17th January, 1853, as it was by the Code."

The chancellor sustained a demurrer to the bill for want of equity, and his decree is now assigned for error.

J. H. CAMPBELL, for the appellant, contended, that there is a clear and rational distinction between mistake and ignorance of the law ; that although relief will not be granted on account of ignorance of the law, yet an acknowledged mistake of law is not beyond the reach of equity ; that all applications to equity for the reformation of written instruments, upon examination, will be found to proceed on the ground that the legal rights of the parties have been mistaken. He cited the following authorities : Landsdowne v. Landsdowne, Moseley's R. 364; Bingham v. Bingham, 1 Vesey, Sr., 126 ; Leonard v. Leonard, 2 Ball & Beatty, 180; Gee v. Spencer, 1 Vern. 31; Simpson v. Vaughan, 2 Atk. 30; Onions v. Tyrer, 2 Vern. 741, or 1 Pr. Wms. 343–5; Perritt v. Perritt, 14 East's R. 424; Pusey v. Desbouvrie, 3 Pr. Wms. 315; Cann v. Cann, 1 *ib.* 726; Broderick v. Broderick, *ib.* 239; Jones v. Morgan, 1 Bro. C. C. 218 ; 2 Wm. Bla. 825; Bize v. Dickason, 1 D. & E. 286; Naylor v. Winch, 1 Cond. Eng. Ch. R. 288; Willan v. Willan, 16 Ves. 72 ; Leonard v. Leonard, 4 Ball & Beatty, 83; Evans v. Llewellin, 1 Cox, 333; Samuel v. Evans, 2 Term R. 569; Lawrence v. Beaubien, 2 Bailey's Law R. 623; Hunt v. Rousmanier's Executors, 8 Wheat. 174; Lowndes v. Chisolm, 2 McCord's Ch. R. 455; Rogers v. Atkinson, 1 Kelly's (Geo.) R. 12 ; McCarthy v. Decaix, 2 R. & M. 614; Champlin v. Layton, 6 Paige's R. 189; 11 Ohio R. 223–32 ; *ib.* 486; Executors of Hopkins v. Mazyck, 1 Hill's Ch. (S. C.) R. 250; Hale v. Stone, 17 Ala. 557; Larkins v. Biddle, 21 *ib.* 252 ; Trapp & Hill v. Moore & Border, *ib.* 696.

WILLIAMSON, and WATTS, JUDGE & JACKSON, *contra*, argued, that when no time is fixed by a statute for the commencement of its operation, it takes effect from its passage ; and that ignorance of its existence is no excuse for a violation of it, nor a ground for relief against it;—citing 1 Kent's Commentaries, p. 458; Weatherford v. Weatherford, 8 Port. 171; State v. Click, 2 Ala. 26.; Thompson v. Stickney, 6 *ib.* 579 ; Branch Bank at Mobile v. Murphy, 8 *ib.* 119; 7 Wheat. 164.

GOLDTHWAITE, J.—The bill alleges, that the testator, in April, 1853, made an unwritten will, disposing of personal property of a greater amount in value than five hundred dollars ; and its object is to establish this will, on the ground that, at the time it was made, the testator was ignorant of the change made by the Code in the law of nuncupative wills, and that the ignorance of such change was occasioned by circumstances beyond his control which rendered the promulgation of the new law ineffectual as to him.

By reference to the Code (§§ 1611, 1615), it will be seen that real estate cannot pass by will, unless it be in writing ; and that as to personal property, an unwritten will is invalid, if the amount of property bequeathed by it exceeds in value the amount of five hundred dollars.   The legal question, then, which the bill presents, is simply, whether equity can give validity to an act which the statute has declared invalid.   The rule is, that every man must be presumed to know the law ; and this doctrine is carried so far, that even penal statutes are held, when no other time is prescribed by law, to be operative and effectual from the time of their passage (State v. Click, 2 Ala. 26) ; and it would make no difference that the statute denounced an act which was in itself innocent, and which from the nature of things could not possibly be known to be contrary to law, by the party at the time of its commission.—The Ann, 1 Gall. 62.   It may be conceded, that the rule, thus enforced, may frequently be productive of hardship and injustice ; but it is only to the executive, or to the law-making power, that these considerations can properly be addressed, as the rule is too firmly fixed by a long course of judicial decision to be departed from by judges.—1 Kent's Com. 454–459.

To the present case, however, these considerations have no application, as the bill shows, when taken in connection with the acts passed in relation to the promulgation of the Code (Acts 1851–2, p. 23), that the will which is attempted to be set up, was not made until nearly three months after the Code took effect, and nearly five months after the proclamation of the governor made with a view to its promulgation.   The utmost that could be demanded of the State, is, that a reasonable time should be given to the citizen to inform himself

with regard to the changes in the law; and if this is done, the individual who fails to use the necessary means to obtain information, should lay the blame at his own door.

We do not, however, understand the counsel for the appellants to deny the rule we have asserted; but he insists that there is a distinction between *ignorance* of the law and a *mistake* of the law, and bases his claim to relief upon the latter ground. We will not investigate the soundness of this distinction; neither will we undertake to say that there may not be cases in which a party will not be relieved against agreements made, or acts done by him, under a clear mistake of the law, such acts or agreements being in other respects unobjectionable; although we incline to think, that most of the cases which seem to hold this, when carefully analyzed, will be found to be based upon other principles. But we do not intend to discuss this question : we may concede, so far as this case is concerned, that circumstances, not in themselves sufficient to entitle a party to relief in equity, may be so strengthened by a mistake in reference to what the law was, as to entitle the party to call upon that court to interfere in his behalf; and this concession would not help the appellants. We must go still further, and hold that equity can annul the statute, at least in the particular case; and, although courts of chancery have sometimes gone a great way in this direction, they have never yet, as we have learned, gone so far as to hold an act valid which the statute declares invalid, merely because it was done through ignorance or mistake of the law. If this was admitted, a verbal unexecuted promise within the statute of frauds could be established in the very teeth of the statute ; a will of real estate, although not in writing, and without the number of witnesses which the law requires, could be sustained, if proved to have been made under the supposition that the law imposed no such requisitions. The principle which we must establish to give the appellants relief in the present case, would not only lead to great practical inconvenience, but is directly in conflict with the authorities, and would tend to subvert long-established and well settled legal principles.

Decree affirmed, at the cost of the appellants.