Bradbury, J.
The only question arising upon the record of sufficient importance to be worthy of extended consideration is whether the act of the General Assembly of this state, passed April 2,1890 (87 Ohio Laws, 149), is applicable to the case or not, the injury complained of having been sustained beyond :.the limits of this state. It was contended in arg-ument that the railroad upon which the plaintiff below was injured, lay wholly outside the state. The record, however, discloses that the railroad company, at the time and before the accident occurred, was operating a railroad running from Youngstown, in this state, to a point within the state of Pennsylvania, and in connection therewith, a branch, four or five miles long, on which the accident occurred, connecting the main line with certain coal mines from which it transported coal to the main line, and thence in different directions over the latter to market; and that in the discharge of his duties as servant of the railroad company, the defendant in error passed in and out of the state of Ohio, on the main line, as the exigencies of its business required.
The second section of the act in question (87 Ohio Laws, 149), prescribes the effect that shall be given to evidence which establishes a defect in the locomotive, ears, machinery or attachments of certain railroads, in actions for injuries to its employes, caused by such defects ; and declares that *17 when such defects are made to appear the same shall b & prima facie evidence of negligence.
There can be no doubt respecting the general power of a state to prescribe the rules of evidence which shall be observed by its judicial tribunals. It is a matter concerning its internal policy over which its legislative department necessarily has authority, limited only by the constitutional guarrantees respecting due process of law, vested rights and the inviolability of contracts. Railroad Co. v. Erick, 51 Ohio St. Reports, 146.
In Templeton v. Kraner, 24 Ohio St., 554, this court held that “under the grant of legislative power in the constitution, the general assembly has complete control over the remedies which are to be afforded to parties in the courts of this state: and if the remedies provided do not interfere with vested rights, such effect must be given them as will carry out the intent of the law-making power.”
The rules of evidence pertain to the remedy, and usually are the same whether the cause of action in which they are applied arises within or without the state, whose tribunal is investigating the facts in contention between the parties before it. Nor is it material in this respect whether the parties are residents or non-residents of the state. The law of evidence in its ordinary operation is no more affected by one of these considerations than by the other. No extra territorial effect is given to a statute creating a rule of evidence by the fact that the rule is applied to the trial of a cause of action arising in another state, or to the trial of an action between parties who are non-residents. If the tribunals of a state obtain jurisdiction of the parties, and the cause, it will conduct the investigation of *18 the facts in controversy between them according to its own rules of evidence, which is, simply, to follow its own laws within its own borders. This principle was followed by the supreme court of .Georgia in the case of Richmond & D. R. Co. v. Mitchell, 18 S. E. Reporter, 290, an action quite similar to the one we are now considering. The court saying : “Touching the evidence requisite to make a prima, facie case in behalf of the plaintiff below, the court gave in charge to the jury the rule of law applicable in this state between the parties where the action is against a railroad company for a personal injury sustained by one of its employes in consequence of the negligence of the company * * * . This was correct, although the injury sued for was sustained in the state of Alabama. The quantity or degree of evidence requisite to sustain an action or to change the burden of proof is determined by the law of the forum, and not by the law of the place where the cause of action arose. It belongs not to the law of rights, but to the law of remedy. ’ ’ The court of appeals of New York held in 1876 that “an act declaring any circumstance or any evidence, however slight, prima facie proof of a fact is valid.” Howard et al. v. Moot, 64 N. Y., 262. The cases that bear in some degree upon the question are so numerous that it is impracticable to cite all of them. Hays v. Armstrong, 7 Ohio, 248; Parker v. Sterling et al., 10 Ohio 357; Lewis v. McElvain, 16 Ohio, 347; Goshorn v. Purcell, 11 Ohio St., 641; Mason v. Haile, 12 Wheat., 370; Vanzant v. Waddel, 2 Yerger, 260; Von Hoffman v. Quincy, 4 Wall. U. S., 535; Long’s Appeal, 87 Pa. St., 114; Rathbone v. Bradford, 1 Ala., 312; Holland v. Dickerson, 41 Iowa, 367.
Doubtless, it would be competent for the general *19 assembly to limit the application of a rule of evidence, created by it to causes of action arising within the state. If, therefore, the act under consideration does so limit the rule of evidence it establishes, the courts should observe this limitation. That the act has three sections: The first section provides “that it shall be unlawful for any railroad or railway corporation or company owning and operating, or operating, or that may hereafter own or operate a railroad in whole'or in part within this state, to adopt or promulgate any rule ” . * * * and then denounces with a penalty the violation of its provisions.
This section of the statute attempts to regulate the conduct of every railroad company or corporation that owns or operates any part of its line within this state. The general assembly has no authority over any others, and therefore could not compel their obedience to its commandments. It did, however, extend those commandments to the extreme limit of its jurisdiction — possibly beyond them — for it may be true, that although the line of a railroad may extend into this state, yet the general assembly may have no authority to inflict upon it penalties on account of acts or omissions occurring’ elsewhere. If this be so, the courts in construing thi's section, might hesitate to impute to the legislature an intent to usurp an authority it did not possess, and would not do so unless the language of the statute should be unambiguous in this respect. In terms, this section does not require the forbidden conduct to occur in this state in order to incur the penalty that it denounces therefor. The language of the section is broad enough to include acts and omissions performed or omitted in other states. This circum *20 stance is important only in so far as it indicates a legislative purpose to extend the relief afforded by the act to the full extent of its authority.
The second section in forbidding the use of defective cars and locomotives by railroad companies, refers to them as ‘ such corporations, ’ ’ manifestly including every corporation owning or operating a railroad, any part of which extends into this state. Here again the prohibitive language employed is broad enough to include acts or conduct occurring in other states. If it does not reach them we are forced to conclude that this result is quite as much due to want of power as to absence of purpose.
In the subsequent clause, of the second section of the act wherein the general assembly sought to prescribe the rule of evidence, before referred to, applicable to the trial of actions in the courts of this state, brought by emploj^es of railroad companies on account of injuries sustained by reason.of defective cars, locomotives, machinery or attachments, it approached the question of procedure in our judicial tribunals, over which, as we have seen, the authority of the general assembly is practically supreme. This clause of the statute is purely remedial and should receive a liberal construction. The language employed by the act in this connection is consistent with a legislative purpose to extend the remedy to all actions of the character named in the act, against all railroad companies, and no sufficient reason has been assigned for limiting its operation to causes of action that arose within the state. Indeed, it would be somewhat anomalous to prescribe to the courts of the state rules of evidence depending upon the questions whether the cause of action arose within or with *21 out the state; and an intent to create this distinction should not be imputed to the legislative power unless it is fairly inferable from, the language it has used.
That language is as follows: “And when the fact of such defect shall be made to appear in the trial of any action in the courts of this state brought by such employe or his legal representatives against any railroad corporation for damages on account of such injuries so received the same shall b e prima facie evidence of negligence on the part of such corporations. This language contains nothing indicating a purpose to confine the rule of evidence it creates, to causes of action that should arise in this state. On the contrary it expressly extends the rule to “any action in the courts of this state brought by such employe * * * against any railroad corporation. ’ ’ In fact, the language is comprehensive enough to apply the rule to a railroad company, in this class of actions, whether any part of its line extended into Ohio or not, *and if the courts of our state should acquire jurisdiction over the person of a railroad company whose line lay wholly without the state, no reason is perceived why the rule should not be applied.

Judgment affirmed.