(76 South. 321)

STATE ex rel. JONES et al. v. STEARNS.
(3 Div. 297.)

(Supreme Court of Alabama. June 7, 1917. Rehearing Denied June 30, 1917.)

1. STATUTES ⚖⇒255—CONSTRUCTION—DATE OF TAKING EFFECT.

Statutes go into effect upon their approval by the executive unless otherwise provided in the act.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 336.]

**2. STATUTES ⟨KEY⟩248—TIME OF TAKING EFFECT —CODE PROVISION.**

The provision of the Code that no penal act shall go into effect until 30 days after the adjournment of the Legislature, is a mere legislative enactment, subject to repeal, and not hindering the General Assembly from providing otherwise as to any new enactment.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 330.]

**3. DISTRICT AND PROSECUTING ATTORNEYS ⟨KEY⟩ 2(1)—APPOINTMENT OF DEPUTY CIRCUIT SOLICITOR—STATUTE—CONSTITUTIONALITY.**

General Solicitors' Bill, Acts 1915, p. 817 et seq., authorizing appointment of a deputy circuit solicitor by the circuit solicitor, was not violative of Const. 1901, § 167, providing that the Legislature may provide by law for the appointment by the Governor or the election by the qualified electors of a county of a solicitor for any county; the office of deputy circuit solicitor not being in legal effect a county solicitorship, though the incumbents of the offices are required to perform the same or like services and duties.

[Ed. Note.—For other cases, see District and Prosecuting Attorneys, Cent. Dig. § 2.]

**4. OFFICERS ⟨KEY⟩114—"DEPUTY OFFICER."**

A "deputy officer" does not act officially for himself, but acts for his principal, and, while he may be personally liable, he is not officially so, unless by express law (citing Words and Phrases, Deputy).

[Ed. Note.—For other cases, see Officers, Cent. Dig. §§ 187–192.]

Appeal from Circuit Court, Conecuh County; A. E. Gamble, Judge.

Quo warranto by the State, on the relation of James F. Jones and others, against John S. Stearns. From an adverse judgment on demurrer to the answer, relators appeal. Judgment affirmed.

John R. Tyson, of Montgomery, for appellants. Page & McMillan, of Evergreen, for appellee.

MAYFIELD, J. The proceeding is statutory quo warranto, as authorized by chapter 128, sections 5450–5472, of the Code of 1907. It was instituted in the name of the state, on the relation of the appellant, the county solicitor for Conecuh, to oust appellee, a deputy circuit solicitor for the same county, and to determine the right of the relator to exercise the powers alleged to be usurped by appellee. The trial court overruled a demurrer to the answer of appellee, whereupon relator declined to plead further, and suffered judgment, from which judgment he now appeals. Appellee, the deputy circuit solicitor, was appointed to his office by the circuit solicitor for the circuit in which is included Conecuh county, by virtue of the act known as the General Solicitors' Bill, approved September 25, 1915, Acts 1915, p. 817 et seq. Appellant was elected at the November election, 1914, to the office of county solicitor for Conecuh, by virtue of a local statute for that county, the term being four years.

[1] It is first insisted by relator, appellant here, that the General Solicitors' Act, in so far as it provided for the appointing of deputy solicitors of the class of appellee, does not go into effect or become operative until the year 1919, and therefore that appellee's attempted appointment was abortive and void. We cannot concur in this contention. It is, and long has been, the law of this state, as well as an almost universal canon of construction of statutes, that they go into effect upon their approval by the executive, if so approved, unless otherwise provided in the act.

"In this country an act takes effect generally, and where no other time is fixed by the Constitution, or the particular statute itself, from the time of its passage."

Neither does the law, in the absence of express provision, regard a fraction of a day.

"In the legal computation of time there are no fractions of a day; and a day on which an act is done must be entirely excluded or included." Turnipseed v. Jones, 101 Ala. 593, 14 South. 377.

In this state, the rule of the common law is recognized, that statutes are in force from the day of their approval, when no time is fixed for them to take effect. Weatherford v. Weatherford, 8 Port. 171; Rathbone v. Bradford, 1 Ala. 312; State v. Click, 2 Ala. 26; Br. Bank of Mobile v. Murphy, 8 Ala. 119.

[2] The provision of the Code, that "no penal act shall go into effect until thirty days after the adjournment of the Legislature" at which it was passed, is a mere legislative enactment, subject to repeal, and not hindering the General Assembly from providing otherwise as to any new enactment. Henback v. State, 53 Ala. 523, 25 Am. Rep. 650.

We find no provision in the Constitution, Code, or other statutes which would justify the construction postponing the day on which the presently important provisions of the act in question should take effect. The act contains no provision so suspending its operation. That its provision as to the appointment of deputy solicitors was not intended by the Legislature to be so suspended is shown by the fact that the Legislature, in this particular act, did suspend the repeal of certain other acts until the year 1919, but failed to suspend the now important provisions of this act, or to suspend the repeal of the act under which appellant holds office, as was done in other cases. It is true, as argued by counsel for appellant, that there are numerous provisions in the act in question going to show an intent on the part of the Legislature not to legislate certain solicitors out of office, notably those to the effect that such officers should continue to exercise the powers and functions with which they were presently clothed, or similar ones under the general act, during the time for which they were elected; but the act failed

to provide likewise for appellant, and probably others similarly situated. All will concede that the Legislature could have provided for his continuance in office during his term, and have suspended the operation of the provisions of the act, touching the appointing of deputies to the circuit solicitors, until 1919; but the trouble is the lawmakers did not so provide, and we cannot, by construction, amend the act to meet a case which the Legislature could, and probably would, have provided for, if the result of this case had been called to their attention.

The same, or similar, provisions in the same act were considered in the case of State ex rel. Gaston v. Black, 74 South. 387.[1] It was there insisted by the county solicitor, Black, that the circuit court had no power to appoint deputies until 1919, and the point was then and there ruled against him. Appellee here occupies a position similar to that of deputies of the circuit solicitor, Tate, in that case. · The question to be decided in that case was thus stated in the opinion:

"Have both Black and Tate, as solicitors, the right and power to appoint deputies and assistants, the one, as is authorized in the act known as the General Solicitors' Bill (Acts 1915, p. 817), the other, under various local acts for Jefferson county, as was authorized by law at the date of the passage of the General Solicitors' Bill (September 25, 1915)?"

And the decision was:

"That the circuit solicitor now has the right and power to appoint deputy solicitors, as is authorized by section 6 of the act of September 25, 1915 (page 817); that such deputies, when so appointed by the circuit solicitor, have the right to prosecute criminal cases in the circuit court, as is provided in that act, and are subject to the orders and directions of the circuit and county solicitors, as is authorized by the act, and by such other general acts relating to deputy solicitors as are not in conflict with the act of September 25, 1915, which provides for their appointment." 199 Ala. 321, 74 South. 388, 393.

It should be noted that several causes were considered together in that decision, and only one opinion rendered, covering all.

[3] It is next insisted by the appellant that if the pertinent provisions of the act were intended to be in force at the time appellee was appointed deputy circuit solicitor, they are void and of no effect as being in violation of a clause or proviso of section 167 of the Constitution of 1901, which reads as follows:

"Provided further, that the Legislature may provide by law for the appointment by the Governor or the election by the qualified electors of a county of a solicitor for any county."

The argument is that while the office to which appellee was appointed by the circuit solicitor is called a "deputy" circuit solicitorship, it is in legal effect a county solicitorship, within the constitutional proviso above quoted, and hence that the Legislature could not authorize the appointment to be made by the circuit solicitor, but merely by the Governor. Of course constitutional provisions like this should not be evaded or avoided any more than openly violated or disregarded. If counsel's premise be correct, we agree to

the correctness of his conclusion; but we do not concede that the premise is correct. We hold that there is a distinct and a decided difference between the office of county solicitor within the purview of the proviso above quoted, the office which appellant held, and that of deputy circuit solicitor, authorized and provided for in the act in question, the office which appellee held. The mere fact that the incumbents of the two are by the statute required to perform the same or like services and duties does not make the offices the same. As was decided in Black's Case, 74 South. 387,[1] and in Lusk's Case, 82 Ala. 519, 2 South. 140, the offices of circuit solicitor and county solicitor are different offices, the one being a constitutional and the other a statutory one. The mere fact that the Legislature required one to perform the same duties required of the other, or duties similar thereto, did not destroy either of the offices; but both remained, and the duties of each were subject to the control of the Legislature so long as the constitutional office was not destroyed.

Here both offices are statutory and subject to the absolute and unlimited control of the Legislature. Either or both may therefore be destroyed at the will of the Legislature. The fact that the Constitution requires that if the Legislature does create or provide for a county solicitor, the office must be filled by, gubernatorial appointment or election by the people does not prevent the Legislature from abolishing the office, if once created, and providing in the same or a different act that the services and duties performed by such county solicitor shall thereafter be performed by other officers or their deputies otherwise qualified so to do. Nor does the Constitution require that the officer or deputy so required to perform the duties theretofore performed by the county solicitor shall be selected in the mode required by the Constitution for the selection of county solicitors.

[4] There is a vast difference between the office of county solicitor, within the meaning of the constitutional proviso, and that of deputy circuit solicitor. The incumbent of the one acts for himself, by virtue of the office which he holds; the other acts for another, by virtue of the office which the other holds. A deputy officer does not act officially for himself, but acts for his principal. While he may be personally liable, he is not officially so, unless by express law. To him and his principal applies, in all its vigor, the maxim, "Qui facit per alium facit per se." A deputy officially acts for his principal and not for himself. It is an old saying in law, that, A deputy is one who occupieth in the right of another, and for whom regularly his superior should answer. Erwin v. U. S. (D. C.) 37 Fed. 470, 2 L. R. A. 229.

The law makes many distinctions between deputies, agents, and assistants, not necessary here to discuss. See Words and Phrases, vol. 3, p. 2008, subject, Deputies.

Our statutes have long recognized the distinction between the office of county solicitor and the office of deputy solicitor. See chapter 291, Criminal Code, §§ 7778–7804. We have long had county solicitors for certain counties, and a general statute authorizing circuit solicitors to appoint deputies. Section 7802 of the Criminal Code provides as follows:

"The several solicitors may appoint deputy solicitors to represent the state in the county courts, the deputy to hold office during the term of the solicitor, unless sooner removed by him."

It follows that the judgment below must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.