Harry B. Frank, J.
Petitioners move for judgment annulling and vacating the termination of their employment. All of the petitioners are honorably discharged veterans. One of them i§ *320 secretary of the department and the others are examining attorneys. In the context here, all of the petitioners, despite the title of their positions, stand or fall together.
It is agreed that honorably discharged veterans, holding an exempt position in the classified service, may be removed on charges only, unless the veteran ‘ ‘ holds the position of private secretary, cashier or deputy of any official or department” (Civil Service Law, § 75, subd. 1, par. [b]). The issue here is whether petitioners are deputies, as a matter of law.
The title of the position held is not controlling, but rather the duties performed (Matter of Behringer v. Parisi, 5 N Y 2d 147). Petitioners do not indeed perform all of the duties of the department head and they have not been delegated. For example, petitioners, of course, cannot appoint or discharge or make policy, or decide what should be investigated. However, the heart of the work of the department is done after decision to proceed in ány particular case. That work is delegated to petitioners, and when so delegated, they perform the whole of the duty, which is imposed by statute on the department head. The work is deputized and the employee acts as a deputy, even if the delegation is special rather than general. The examining attorneys and the secretary of the department, as well, conduct the investigation, hold hearings and make decisions leading ultimately to report to their superiors. Supervision does not denigrate the character of the duty if it appertains to the duties of a deputy (Behringer v. Parisi, supra). This is true even though the deputy is at the same time subordinate (Matter of Murphy v. Larkin, 17 A D 2d 87; Matter of Murphy v. Larkin, 20 A D 2d 595, affd. 15 NY 2d 770).
The Commissioner’s power to investigate is broad. (New York City Charter, § 803, subd. 2.) Any employee of the department may, when so duly delegated, examine witnesses, hold public or private hearings, receive evidence, and preside at or conduct any such study or investigation. Indeed petitioners allege that they have been delegated to conduct such investigations. And in Behringer v. Parisi (supra), on which the petitioners also rely, the court quoted (5 N Y 2d 147, 152, supra) with approval People ex rel. Hoefle v. Cahill (188 N. Y. 489, 497-498) holding that the exemption from the limitation of the power of removal is directed at the most to the ££ positions which under some sufficient authority at the discretion of the appointing or superior power have been invested with the duties and character of one of the excepted positions,’ ” (Emphasis supplied.)
*321 The court went on (p. 152): “ This language was quoted with approval in Matter of Byrnes v. Windels (265 N. Y. 403, 407). In Matter of Rohr v. Kenngott (288 N. Y. 97, 105), we held that the ‘ Legislature did not intend that rights of tenure to a position should be determined by the name given to the position ’ ”.
It clearly appears that upon varying dates in 1963 and 1964, the petitioners were designated in writing to perform the duties of the Commissioner as delegated to them. The motion is denied.