208 So.2d 81

**STATE of Alabama ex rel. MacDonald GALLION, Attorney General**

v.

**James Daniel HAMMONDS, as Deputy District Attorney.**

6 Div. 509.

Supreme Court of Alabama.

Jan. 25, 1968.

Rehearing Denied March 7, 1968.

MacDonald Gallion, Atty. Gen., Lloyd G. Hart, Asst. Atty. Gen., and Russell F. McDonald, Jr., and Maury D. Smith, Sp. Asst. Attys. Gen., for plaintiff.

Geo. E. Trawick, Birmingham, for defendant.

W. Gerald Stone, Bessemer, and N. P. Callahan, Jr., Birmingham, amici curiae.

PER CURIAM.

Impeachment proceedings against the defendant Hammonds, as Deputy District Attorney of the Bessemer Division of the Tenth Judicial Circuit, Jefferson County, were initiated by a written report of the Grand Jury of the Bessemer Division of Jefferson County and the subsequent filing of information by the Attorney General, charging that the defendant has been guilty of impeachable conduct while in office.

The defendant filed a plea to the jurisdiction contending that this court does not have original jurisdiction to entertain the impeachment proceedings against him because he "is not a Solicitor, District Attorney, or other officer against whom impeachment proceedings may be instituted originally in this Court under the provisions therefor of the Constitution of Alabama of 1901."

We have determined that this plea must be sustained and that the impeachment proceedings should have been filed in the Circuit Court of Jefferson County.

The Constitution, in Sec. 174, names the officers who may be brought before the Supreme Court for trial in impeachment proceedings. The section provides:

"The chancellors, judges of the circuit courts, judges of the probate courts, and judges of other courts from which an appeal may be taken directly to the supreme court, and solicitors and sheriffs, may be removed from office for any of the causes specified in the preceding section or elsewhere in this constitution, by the supreme court, under such regulations as may be prescribed by law. The legislature may provide for the impeachment or removal of other officers than those named in this article."

One of the basic contentions of the Attorney General is that Sec. 174 covers the office held by the defendant because Sec. 174 uses the word "solicitors" where the Constitution of 1875 used the term "Solicitors of the Circuits" and that this shows an intention to cover more than circuit solicitors.

The proceedings of the constitutional convention of 1901 show clearly that there was a contest as to whether there would be circuit solicitors or county solicitors and a compromise was effected whereby circuit solicitors were retained but the Legislature was given the authority to also provide for the election of a county solicitor who would have the same authority as a circuit solicitor. See Sec. 167, Constitution of 1901, which provides:

"A solicitor for each judicial circuit or other territorial subdivision prescribed by the legislature, shall be elected by the qualified electors of those counties in such circuit or other territorial subdivision in which such solicitor prosecutes criminal cases, and such solicitor shall be learned in the law, and shall at the time of his election and during his continuance in office, reside in a county (in the circuit) in which he prosecutes criminal cases, or other territorial subdivision for which he is elected, and his term of office shall be for four years, and he shall receive no other compensation than a salary, to be prescribed by law, which shall not be increased during the term for which he was elected; provided, that this article shall not operate to abridge the term of any solicitor now in office; and, provided further, that the solicitors elected in the year nineteen hundred and four shall hold office for six years, and until their successors are elected and qualified; and, provided further, that the legislature may provide by law for the appointment by the governor or the election by the qualified electors of a county for a solicitor for any county."

█ It is apparent that the word "solicitors" in Sec. 174 of the Constitution means either a circuit solicitor or a county solicitor elected by the people and with authority equal to that of a circuit solicitor.

We agree with the contention of the State that under Sec. 167 of the Constitution, the Legislature may create a solicitor for a territorial subdivision other than a county and that the Legislature could have provided for a circuit solicitor for what is commonly known as the Bessemer Cutoff, a territorial subdivision of Jefferson County.

But the Legislature created a more or less hybrid office when it created the office now held by the defendant. We quote the first sentence of Tit. 13, § 252, Code 1940, which created the office:

"At the general election held on the first Tuesday after the first Monday in November 1942 and every four years thereafter, there shall be elected by the qualified voters of the Bessemer division of Jefferson county, a deputy circuit solicitor of the tenth judicial circuit, who shall hold office for the term of four years, and until his successor is elected and qualified, who shall at the time of his election and during his term of office reside within the territory from which he is elected, and who shall *in the*

*absence of the circuit solicitor* discharge the same duties and exercise the same authority within the territory from which he is elected as if he were solicitor. * * *" (Emphasis supplied.)

It is evident that the statute intended that the "deputy circuit solicitor" of the Bessemer Division should have the same duties, authority and powers as the circuit solicitor of Jefferson County but he could discharge those duties only "in the absence of the circuit solicitor." Thus, we have an officer, elected by the people, who is clothed with all the powers of the circuit solicitor but all of these powers are nullified whenever the circuit solicitor of Jefferson County is present. We cannot say that the deputy circuit solicitor of Jefferson County can be a "solicitor" as contemplated by Sec. 174 of the Constitution one day or a part of a day and then be totally superseded as to powers, duty and authority by the presence of the circuit solicitor of Jefferson County.

Some argument was made in brief and oral argument on the point as to whether the office of deputy solicitor of Jefferson County for the Bessemer Division is a state or county office. We point out that this question is immaterial because of Tit. 41, § 178, Code 1940, which reads:

"The following officers may be impeached and removed from office, to-wit: Judges of circuit and probate courts, solicitors of the circuits, judges of the inferior courts from which an appeal may be taken direct to the supreme court; sheriffs, clerks of the circuit courts, tax collectors, tax assessors, county treasurers, coroners, justices of the peace, notaries public, constables, and all other state officers not named in section 173 of the constitution, and all other county officers, and mayors and intendents of incorporated cities and towns in this state, for the following causes, to-wit: Wilful neglect of duty, corruption in office, incompetency or intemperance in the use of intoxicating liquors or narcotics to such an extent in view of the dignity of the office and importance of its duties as unfits the officer for the discharge of such duties, or any offense involving moral turpitude while in office, or committed under color thereof, or connected therewith."

See also Sec. 175, Constitution 1901, and Art. 2 of Tit. 41, §§ 178–187, Code 1940.

The holder of office of deputy solicitor of Jefferson County for the Bessemer Division is not named in § 178, supra, but that section does cover *"all other state officers* not named in section 173 of the Constitution, and *all other county officers."* (Emphasis supplied.)

■ Thus, it is apparent that under Tit. 41, § 178, Code 1940, the correct place to file impeachment proceedings against the defendant would be in the circuit court of the county in which he resides. It follows that defendant's plea to the jurisdiction of the Supreme Court in this matter is due to be, and is, sustained and that the impeachment proceedings against him in this court are abated and dismissed.

LAWSON, SIMPSON, MERRILL and COLEMAN, JJ., concur.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., dissent.

HARWOOD, Justice (dissenting).

Not being in accord with the conclusions and opinion of the majority of my brethren, I perforce dissent therefrom for the following reasons.

The decisive point of this litigation is whether the deputy solicitor of the Bessemer Division of the Tenth Judicial Circuit is in truth and in fact a solicitor, despite the designation of deputy solicitor. If the answer is in the affirmative, then jurisdiction to hear and decide the impeachment charges filed against the incumbent

deputy solicitor of the Tenth Judicial Circuit is properly to be exercised by this court. Section 174, Constitution of Alabama 1901. We note that Section 174, supra, uses the term "solicitor" while the corresponding section of the Constitution of 1875 used the term "Solicitors of the Circuit."

Section 167 of the Constitution of Alabama 1901 provides:

"A solicitor for each judicial circuit or other territorial subdivision prescribed by the legislature, shall be elected by the qualified electors of those counties in such circuit or other territorial subdivision in which such solicitor prosecutes criminal cases, and such solicitor shall be learned in the law, and shall at the time of his election and during his continuance in office, reside in a county (in the circuit) in which he prosecutes criminal cases, or other territorial subdivision for which he is elected, and his term of office shall be for four years, and he shall receive no other compensation than a salary  *  *  *"

Pursuant to the authorization contained in the above section of the Constitution, the legislature in 1915 passed the general solicitor's bill (see General Acts of Alabama, 1915, p. 817) which in parts pertinent to this review provides:

"In all circuits composed of only one county, and in which there are more than three judges, and in which the circuit court is held at the county site and at some other place in the county and the cases arising in a designated portion of the county are tried at a place other than the county site and the cases arising in the remaining portion of the county are tried at the county site, there shall also be elected by the qualified electors of that portion of the county wherein the cases arise that are tried at the place of holding the circuit court other than at the county site a deputy solicitor of such circuit who shall at the time of his election and during his term of office reside

in the territory from which he is elected, and who shall hold office for the same term as the solicitors whose elections are provided for in this section, and who shall, in the absence of the circuit solicitor, discharge the same duties and exercise the same authority within the territory from which he is elected, as if he were solicitor; and he shall receive a salary of twenty-four hundred dollars ($2,400.00) per annum, payable out of the State treasury as the salaries of solicitors are paid; *and who shall be under the supervision of the circuit solicitor of such circuit; and who may, when not engaged in the discharge of his official duties in the territory from which he is elected, perform the duties and exercise the authority of deputy or assistant solicitor in the circuit court held at the county site."* (Italics ours.)

This Act was amended several times, and eventually was codified as Section 252, Title 13, Code of Alabama 1940.

This Codal provision reads:

"At the general election held on the first Tuesday after the first Monday in November 1942 and every four years thereafter, there shall be elected by the qualified voters of the Bessemer division of Jefferson county, a deputy circuit solicitor of the tenth judicial circuit, who shall hold office for the term of four years, and until his successor is elected and qualified, who shall at the time of his election and during his term of office reside within the territory from which he is elected, *and who shall* in the absence of the circuit solicitor *discharge the same duties and exercise the same authority within the territory from which he is elected as if he were solicitor.* He may appoint one assistant deputy circuit solicitor, who shall serve at the pleasure of the said deputy solicitor, and who shall at the time of his appointment and during the term of his office be a resident of and reside in the territory from which said deputy circuit solicitor is elected.

The said deputy circuit solicitor, shall have the power and is hereby given the authority to employ one officer who shall have during his term of office the same power and authority as a deputy sheriff, and who shall be appointed by such deputy circuit solicitor and shall hold office at the will and pleasure of such deputy circuit solicitor. Such officer shall be under the supervision, direction and control of said deputy circuit solicitor * * *" (Italics ours.)

It is significant that the legislature, in codifying the original Act omitted the provisions of the original Act to the effect that the deputy solicitor for the Bessemer Division shall be under the supervision of the solicitor for the Tenth Judicial Circuit, and that when not engaged in discharging his duties in the Bessemer Division as the deputy solicitor, he might perform the duties of deputy or assistant solicitor in the circuit court held at the county site. (Birmingham.)

It is to be noted that the deputy solicitor of the Bessemer Division meets every requirement of Section 167 of the Constitution providing for the creation of the office of a solicitor for a territorial subdivision, in that he must be (1) learned in the law, (2) reside in the territorial subdivision for which he is elected, (3) be elected by the qualified voters of the territorial subdivision for a fixed term, and (4) receive no other compensation than a salary. His salary is payable "as the salaries of other state officers are paid."

Further, and of considerable significance, the deputy solicitor by the terms of Section 252, supra, is empowered to appoint a deputy solicitor to serve at his pleasure, and also a deputy sheriff to serve at his pleasure. We assume that this latter serves as an investigator for the deputy solicitor more than as a deputy sheriff.

In determining whether the State Health Officer was a public officer (and it was held he was not) this court wrote in State v. Sanders, 187 Ala. 79, 65 So. 378:

"The nature of the duties, the particular method in which they are to be performed, the end to be obtained, the depository of the power conferred, and the whole surroundings must all be considered when the question as to whether a position is a public office or not is to be solved."

Likewise, the designation of an official is not determinative of his status, but rather the powers and duties he exercises.

"The title of the position held is not controlling, but rather the duties performed." Darcy v. Fraiman, 49 Misc.2d 319, 267 N.Y.S.2d 455. The duties defined by statute rather than the name of the position determines its status. Rohr v. Kenngott, 288 N.Y. 97, 41 N.E.2d 905.

A "deputy" is one who by appointment exercises an office in another's right, having no interest therein, but doing all things in his principal's name. He is but the principal's shadow and "doth all things in the name of the officer himself, and nothing in his own name." Wilkerson v. Dennison, 113 Tenn. 237, 80 S.W. 765.

This court has written in State ex rel. Jones v. Stearns, 200 Ala. 405, 76 So. 321:

"A deputy officer does not act officially for himself, but acts for his principal. While he may be personally liable, he is not officially so, unless by express law. To him and his principal applies, in all its vigor, the maxim, 'Qui facit per alium facit per se.' A deputy officially acts for his principal and not for himself. It is an old saying in law, that, a deputy is one who occupieth in the right of another, and for whom regularly his superior should answer. Erwin v. United States (D.C.) 37 F. 470, 2 L.R.A. 229."

Ordinarily a deputy cannot appoint a deputy to himself. Blake v. Allen, 221 N.C. 445, 20 S.E.2d 552; Knuckles v. Board of Education, etc., 272 Ky. 431, 114 S.W.2d 511.

The deputy solicitor for the Bessemer Division of the Tenth Judicial Circuit is elected for a fixed term of four years. He is not appointed by the solicitor, nor can he be removed from the office to which he was elected by the solicitor of the Tenth Judicial Circuit. In this sense he is not a deputy but an independent officer discharging the same duties and exercising the same authority within his territory as if he were solicitor, in the absence of the solicitor. In the absence of the solicitor of the Tenth Judicial Circuit, the deputy solicitor for the Bessemer Division acts in his own capacity, and not as deputy to the solicitor.

Apparently under the statute, if the solicitor of the Tenth Judicial Circuit is present in the Bessemer Division with the intent of assuming the duties of solicitor in that territory, the deputy solicitor no longer performs the duties of solicitor in his territory, though he is not and cannot be ousted by the solicitor from the office to which he has been elected by the electors of his territorial division. When the solicitor is officially absent, the deputy solicitor performs the full duties, in his own name, of solicitor. At no time does he act in the name of the solicitor, or as the solicitor's alter ego.

Under Section 252, Title 13, Code of Alabama 1940, the deputy solicitor is himself empowered to appoint a deputy solicitor, and a deputy sheriff to serve at his pleasure. Such powers and prerequisites are repugnant to the ordinary concept of a deputy, but are strong indications that it was the intent of the legislature to clothe the deputy solicitor for the Bessemer Division with all of the rights, powers, and duties of a solicitor.

Under the above principles which we consider applicable and decisive of the question raised in this review, we conclude that the deputy solicitor for the Bessemer Division of the Tenth Judicial Circuit is in truth and in fact a solicitor within the concept of "solicitor" in Section 174 of the Constitution, and that the plea in abatement, asserting that the impeachment proceedings were improperly instituted in this court, should be denied.

GOODWYN, J., concurs with the dissenting opinion of HARWOOD, J.

On Rehearing.

PER CURIAM.

In view of the urging in the Attorney General's brief on application for rehearing for guidance from this court on two questions, we extend the opinion briefly.

First, the brief professes to be in doubt as to whether the Deputy Solicitor for the Bessemer Division is "impeachable at all," and second, if he is impeachable, "where in Jefferson County, the Defendant must be tried."

The Deputy Solicitor for the Bessemer Division is subject to impeachment proceedings and may be removed from office by impeachment.

We stated in our opinion on original deliverance that "the correct place to file impeachment proceedings against the defendant would be in the circuit court of the county in which he resides." It appears that the State has already set the venue by initiating the proceedings in the Grand Jury of the Bessemer Division of the Jefferson County Circuit Court. That is where the defendant resides and performed his official duties. That is where the impeachment proceedings should be filed. Tit. 41, §§ 182, 187, 189.

Opinion extended and application for rehearing overruled.

LAWSON, SIMPSON, MERRILL and COLEMAN, JJ., concur.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., dissent.

The dissenting justices would have granted the application for rehearing, but do not dissent as to the matters treated in the extension of the opinion.